Maurice SPEARMAN, Petitioner–Appellant,

v.

Tom BIRKETT, Respondent–Appellee.

No. 00–1669.

United States Court of Appeals, Sixth Circuit.

May 3, 2001.

Before SILER and MOORE, Circuit Judges; STAGG, District Judge.*

\* The Honorable Tom Stagg, United States District Judge for the Western District of Louisi-

## ORDER

Maurice Spearman appeals pro se from a district court judgment that dismissed his habeas corpus petition filed under 28 U.S.C. § 2254. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. *See* Fed. R.App. P. 34(a).

In 1985, Spearman pleaded guilty to assault with the intent to murder, kidnapping, armed robbery, and several felony firearm violations. *See* Mich. Comp. Laws §§ 750.83, 750.227b, 750.349 *and* 750.529. He was sentenced as an habitual offender to a term of 52 to 202 years of imprisonment. *See* Mich. Comp. Laws § 769.10. This sentence was affirmed on direct appeal. On June 2, 1997, Spearman filed a motion for state post-conviction relief. This motion was denied, and the state appellate courts declined further review.

Spearman filed his current habeas corpus petition in 1999, primarily alleging: 1) that he was denied the effective assistance of counsel; and 2) that his sentence violated the Eighth Amendment. The district court denied Spearman's petition on June 2, 2000, and it is from this judgment that he now appeals. We review the district court's legal conclusions *de novo,* accepting its factual findings if they are not clearly erroneous. *See Seymour v. Walker,* 224 F.3d 542, 549 (6th Cir.2000).

To establish the ineffective assistance of counsel, Spearman must show that his attorney's performance was deficient and that he was prejudiced by counsel's alleged errors. *See Strickland v.*

ana, sitting by designation.

*Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Spearman first alleged that his attorney failed to review the presentence report with him as required by Michigan law. However, a violation of state law is not cognizable *per se* in a § 2254 proceeding. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Spearman also alleged that counsel failed to object to the report, insofar as it indicated that he had been a leader in the offense and had threatened to kill a hostage. However, this information was amply supported by the testimony that was submitted at his rearraignment. Finally, Spearman alleged that counsel should have objected to the report, insofar as it indicated that he had a prior shoplifting conviction and a history of drug abuse. There is, however, no indication that the sentencing judge relied on this information. Instead, the judge's comments show that she was primarily motivated by the gravity of Spearman's current offenses. Thus, Spearman's claims lack merit because he has not shown that he was actually prejudiced by counsel's failure to object to the information in the presentence report. *See Seymour,* 224 F.3d at 556–57.

Spearman's Eighth Amendment claim is partially based on an argument that his sentence violated state law because it exceeds his life expectancy and effectively precludes any possibility of parole before his death. An alleged violation of state law does not rise to the level of a constitutional violation. *See Estelle,* 502 U.S. at 67–68, 112 S.Ct. 475. Moreover, Spearman's assertion that he will not live long enough to be paroled is speculative. Thus, a narrow proportionality analysis applies, which proscribes only an extreme disparity between crime and sentence. *See Harmelin v. Michigan,* 501 U.S. 957, 994–96, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (plurality). Spearman's lengthy sentence is not unconstitutional under this standard. *See id.* at 996, 111 S.Ct. 2680.

We also note that Spearman's habeas corpus petition was not filed within the applicable one-year limitations period. *See* 28 U.S.C. § 2244(d).

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.